# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY PEREZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CERVANTES,<br><br>　　　　Defendant. | Case No.  1:22-cv-00390-DAD-BAM (PC)<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL<br><br>(ECF No. 8) |

Plaintiff Randy Perez ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for appointment of counsel, filed April 13, 2022. (ECF No. 8.) Plaintiff requests appointment of counsel for the following reasons: (1) the issues involved in this case are complex; (2) due to COVID-19 and restrictions within the state prison, Plaintiff has extremely limited access to the law library; and (3) Plaintiff has limited knowledge of the law, specifically medical emergencies protection agency laws, the true protocol for assaults and batteries pertaining to medical prison staff against inmates. Plaintiff further declares that the case is complex because it contains numerous different legal claims and violations of specific federal laws and acts and each claim is complex, the case involves medical issues that may require expert testimony, the plaintiff is demanding a jury trial, and the case will require discovery of multiple documents and depositions. (*Id.*)

Plaintiff is informed that he does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to

represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

The Court has considered Plaintiff's request, but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases filed almost daily by prisoners who are proceeding *pro se* who must obtain discovery, research different legal claims, and proceed to a trial before a jury. These plaintiffs also must litigate their cases without the assistance of counsel.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Plaintiff's complaint has not yet been screened, and therefore the Court cannot evaluate the likelihood of success on the merits. Finally, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate her claims.

Accordingly, Plaintiff's motion to appoint counsel, (ECF No. 8), is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:    **April 19, 2022**                            /s/ *Barbara A. McAuliffe*
                                                                                    UNITED STATES MAGISTRATE JUDGE