1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY PEREZ,<br><br>               Plaintiff,<br><br>   v.<br><br>CERVANTES,<br><br>               Defendant. | Case No.  1:22-cv-00390-DAD-BAM (PC)<br><br>ORDER GRANTING MOTION TO AMEND COMPLAINT<br><br>(ECF No. 11)<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Randy Perez ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff paid the $402.00 filing fee on June 1, 2022.[1]  The complaint has not yet been screened.

Currently before the Court is Plaintiff's motion for leave to amend complaint and file a new amended complaint, filed May 26, 2022.  (ECF No. 11.)  Plaintiff states that he has discovered new culpable defendants that are connected to the incident at issue in the complaint. Plaintiff did not submit a proposed first amended complaint.  (*Id.*)

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse

---

[1] Receipt #CAE100050637 $402.00 (Civil Filing Fee) fbo Randy Perez AR-2930 by Maria A. Muniz on 6/1/2022.

1   party, and leave shall be freely given when justice so requires.  Fed. R. Civ. P. 15(a).  "Rule 15(a)

2   is very liberal and leave to amend shall be freely given when justice so requires."

3   *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citation and

4   quotation omitted).  However, courts "need not grant leave to amend where the amendment:

5   (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in

6   litigation; or (4) is futile."  *Id.*

7          In considering the relevant factors, the Court finds no evidence of prejudice, bad faith,

8   undue delay in litigation, or futility.  Plaintiff's complaint has not yet been screened and no

9   defendants have been served or have appeared in this action.  Accordingly, Plaintiff's motion to

10  amend shall be granted.

11         Plaintiff's first amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state

12  what each named defendant did that led to the deprivation of Plaintiff's constitutional rights,

13  *Iqbal*, 556 U.S. at 678-79.  Although accepted as true, the "[f]actual allegations must be

14  [sufficient] to raise a right to relief above the speculative level . . . ."  *Twombly*, 550 U.S. at 555

15  (citations omitted).

16         Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated

17  claims in his first amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no

18  "buckshot" complaints).

19         Finally, Plaintiff is advised that an amended complaint supersedes the original complaint.

20  *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended

21  complaint must be "complete in itself without reference to the prior or superseded pleading."

22  Local Rule 220.  This includes any exhibits or attachments Plaintiff wishes to incorporate by

23  reference.

24         Accordingly, IT IS HEREBY ORDERED that:

25  1.  Plaintiff's motion to amend the complaint, (ECF No. 11), is GRANTED;

26  2.  The Clerk's Office shall send Plaintiff a complaint form;

27  3.  Plaintiff's first amended complaint, **not to exceed twenty-five (25) pages**, is due within

28      **thirty (30) days** from the date of service of this order; and

2

4.  **If Plaintiff fails to file a first amended complaint in compliance with this order, this action will be dismissed for failure to prosecute and failure to obey a court order.**

IT IS SO ORDERED.

Dated:   **June 2, 2022**                                /s/ *Barbara A. McAuliffe*
                                                                      UNITED STATES MAGISTRATE JUDGE