# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY PEREZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CERVANTES, *et al.*,<br><br>　　　　Defendants. | Case No. 1:22-cv-00390-DAD-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS<br><br>(ECF Nos. 15, 16, 17)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.　Background**

Plaintiff Randy Perez ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.

On August 10, 2022, the Court screened Plaintiff's first amended complaint and found that Plaintiff stated a cognizable claim against Defendant G. Cervantes for excessive force in violation of the Eighth Amendment, but failed to state any other cognizable claims for relief against any other defendants. (ECF No. 16.) The Court ordered Plaintiff to either file a second amended complaint or notify the Court of his willingness to proceed only on the cognizable claims identified by the Court. (*Id.*) On August 19, 2022, Plaintiff notified the Court of his willingness to proceed on the cognizable claim identified by the Court. (ECF No. 17.)

///

///

1

## II. Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

### A. Allegations in Complaint

Plaintiff is currently housed at Wasco State Prison, where the events in the first amended complaint are alleged to have occurred. Plaintiff names as defendants: (1) G. Cervantes, Dental Nurse/Assistant, (2) Doe #1, Dental Doctor, (3) Cassie Dominguez, Supervising Dental Assistant, (4) Mr./Mrs. Cronjager, Head of Health and Safety.

In claim 1, Plaintiff alleges assault and battery. While housed at the dental facility, Plaintiff was lying in a submissive, vulnerable back position in the doctor's chair ready for surgery. Nurse/Assistant G. Cervantes purposefully and repeatedly used her knee to assault Plaintiff in the head numerous times as if she were a professional kickboxer. She kneed

1 Plaintiff's side and top head more than four aggressive times. Plaintiff yelped in pain and
2 exclaimed that that hurt. She merely rolled her eyes. During the procedure of having Plaintiff's
3 tooth filled, while in a defenseless position with his mouth wide open, "G. Cervantes used the
4 dental suction tube to forcefully stab the inside of my mouth, my inside cheek, and my gum's
5 [sic] so hard and bad that blood began to gush and leak from the lacerations." She acted out of
6 pure anger and frustration when she could not get her way because Plaintiff did not allow her to
7 manipulate Plaintiff and assist her in stopping treatment and allow her to go home early.

8 In claim 2, Plaintiff claims violation of due process by Doctor Doe 1 and G. Cervantes.
9 Plaintiff has the right to receive unequivocal dental treatment. This is policy. G. Cervantes
10 interfered with the treatment that the doctor ordered. The doctor did not hold G. Cervantes
11 accountable for her violent actions. The doctor aided this bad character's actions and should have
12 held her accountable. When Plaintiff arrived, Defendant Cervantes went into a wild tirade about
13 how Plaintiff needed to refuse treatment for that day. She told him that the risk of infection from
14 the treatment and "attempt to detour me and cause stress." She said the street doctors are safer.
15 Plaintiff told the doctor he did not agree to get the treatment. He is owed the same duty of care as
16 a private patient. "[T]hese actions are contrary to the regular process of preparing the station for
17 the doctor per the doctor's request." She was persuading him so she can play hooky and leave
18 early. She attempted to thwart Plaintiff's need for serious medical attention.

19 In claim 3, Plaintiff claims excessive force when G. Cervantes slapped Plaintiff in the face
20 with a dental pamphlet and jabbed the inside of his mouth causing blood and pain. She used force
21 to deter Plaintiff so that she could go home early.

22 In claim 4, Plaintiff alleges a violation of the Fourth Amendment of using force. She
23 yelled and berated Plaintiff and his character based on the same use of force facts.

24 In claim 5, Plaintiff alleges Eighth Amendment violation for the violence and verbal abuse
25 based on the same use of force facts.

26 In claim 6, Plaintiff claims medical malpractice. G. Cervantes delayed the treatment and
27 showed no concern for Plaintiff, failed to properly obtain and review medical records.
28 ///

In claim 7, Plaintiff alleges a First Amendment violation. Cassie Dominguez, the supervising dental assistant, interviewed Plaintiff and confirmed G. Cervantes was unprofessional in the assault and battery on Plaintiff. She told Plaintiff the G. Cervantes was angry about having to work and do overtime the day of Plaintiff's assault. Cassie Dominguez did nothing to reprimand G. Cervantes. Cassie Dominguez said that Plaintiff should stop Plaintiff's 602 "seeking administrative remedies, Ms. Cassie Dominguez attempted and carried out a persuasive act to impede on [plaintiff]'s right to grieve as a 1st Amendment right." Dominguez acknowledged the need to leave early was the reason that Plaintiff was assaulted by Cervantes. In claim 8, Plaintiff alleges continued infliction of pain. Mr./Ms. Cronjager of the health and safety is solely responsible for hiring and training of his/her employees. By hiring G. Cervantes, Cassie Dominguez and the dental doctor and allowed them to treat patients with disrespect and physical harm. Mr./Ms. Cronjager should be held accountable. Plaintiff's lower teeth are still in pain and it feels as if pieces of them break off every time he chews. Plaintiff's mouth is sensitive, he may have nerve damage, and it is difficult for him to chew. Plaintiff seeks damages for his mouth, teeth and nerve damage and other compensatory and punitive damages.

**B.    Discussion**

   **1.    Supervisory Liability**

To the extent Plaintiff seeks to hold any defendant liable based solely upon their supervisory role, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676–77; *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013) (citation and quotation marks omitted); accord *Lemire v. Cal. Dep't of Corrs. & Rehab.*, 726 F.3d 1062, 1074–75 (9th Cir. 2013); *Lacey v. Maricopa Cty.*, 693 F.3d 896, 915–16 (9th Cir. 2012) (en banc). "Under the latter theory, supervisory liability exists even without overt

personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." *Crowley*, 734 F.3d at 977 (citing *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

Plaintiff seeks to hold Doe #1, Dental Doctor; Cassie Dominguez Supervising Dental Assistant; and Mr./Mrs. Cronjager, Health and Safety, responsible for Defendant Cervantes' conduct. Plaintiff has failed to allege direct participation of these defendants in the alleged violations. Plaintiff merely relies on these supervising Defendants' responsibilities to ensure the safety and health of the prisoners, but this claim is based on respondeat superior which is not cognizable under section 1983. *Iqbal*, 556 U.S. at 677.

In addition, it is unclear what the policy is that is purportedly at issue. Plaintiff's conclusory statements are insufficient to state a cognizable claim against the supervisory defendants. Plaintiff has failed to "demonstrate that his deprivation resulted from an official policy or custom established by a . . . policymaker possessed with final authority to establish that policy." Plaintiff mentions that Cervantes should have been trained differently or better by the supervisory defendant. A "failure to train" theory can be the basis for a supervisor's liability under § 1983 in only limited circumstances, such as where the failure amounts to deliberate indifference. *See City of Canton v. Harris*, 489 U.S. 378, 387–90 (1989). To establish a failure to train claim, a plaintiff must show that "'in light of the duties assigned to specific officers or employees, the need for more or different training [was] obvious, and the inadequacy so likely to result in violations of constitutional rights, that the policy-makers . . . can reasonably be said to have been deliberately indifferent to the need.'" *Clement v. Gomez*, 298 F.3d 898, 905 (9th Cir. 2002) (quoting *Canton*, 489 U.S. at 390). Plaintiff has not alleged facts demonstrating that defendant was deliberately indifferent to a need for more or different training.

    **2. Eighth Amendment**

      a. <u>Excessive Force</u>

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir.

2006). The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (citations omitted). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994) (quotations omitted).

For claims of excessive physical force, the issue is "whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7. Relevant factors for this consideration include "the extent of injury . . . [,] the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" *Id.* (quoting *Whitley v. Albers*, 475 U.S. 1078, 1085 (1986)). Although de minimis uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates the Eighth Amendment, regardless of whether or not significant injury is evident. *Hudson*, 503 U.S. at 9–10; *Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir. 2002).

At the pleading stage, Plaintiff states a cognizable claim against Defendant G. Cervantes for kicking Plaintiff while he was in a submissive state and using the dental suction tube to forcefully stab the inside of Plaintiff's mouth, inside cheek, and gums so hard that blood began to gush and leak from the lacerations. Plaintiff alleges these actions were done out of anger because Defendant was not able to leave early due to Plaintiff's treatment.[1]

      b.  Medical Care

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *see also Farmer v. Brennan*, 511 U.S. 825, 837 (1994). This applies to physical as

---

[1] The Cruel and Unusual Punishment Clause of the Eighth Amendment is the legal basis for an excessive force claim in this case based on Plaintiff's status as a convicted prisoner. To the extent that Plaintiff relies on the Fourth Amendment as the legal basis for any excessive force claim against any defendant, such claims are screened out for failing to state a claim upon which relief may be granted.

well as dental and mental health needs.  *See Hoptowit v. Ray*, 682 F.2d 1237, 1253 (9th Cir. 1982).  To succeed on a medical care claim, a plaintiff must establish he had a serious medical need and that the defendant's response to that need was deliberately indifferent.  *Estelle*, 429 U.S. at 106.  An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992); *see also Doty v. Cty. of Lassen*, 37 F.3d 540, 546 (9th Cir. 1994).  Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain.  *See Lopez v. Smith*, 203 F.3d 1122, 1131–32 (9th Cir. 2000) (en banc).  Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference.  *See Lopez*, 203 F.3d at 1131.  When delay is alleged, the prisoner must also demonstrate that the delay led to further injury.  *See McGuckin*, 974 F.2d at 1060.

In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with medical treatment, or may be shown by the way in which prison officials provide medical care.  *Hutchinson v. United States*, 838 F.2d 390, 393–94 (9th Cir. 1988).  Negligence in diagnosing or treating a medical condition does not, however, give rise to a claim under the Eighth Amendment.  *Estelle*, 429 U.S. at 106.  Moreover, a difference of opinion between the prisoner and medical providers concerning the appropriate course of treatment does not give rise to an Eighth Amendment claim.  *See Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996).  But deliberately ignoring a prisoner's prior physician orders for reasons unrelated to the medical needs of a prisoner may show deliberate indifference.  *Hamilton v. Endell*, 981 F.2d 1062, 1066–67 (9th Cir. 1992) (overruled on other grounds).  The facts are unclear whether Plaintiff has stated a serious medical need.  Plaintiff alleges he was seeing the doctor to fill a tooth.  The Court is unaware of any authority that this condition rises to a serious medical need.  Nevertheless, the Court will liberally construe the allegations that Plaintiff states a serious medical need.

///

Plaintiff fails to allege sufficient factual support to satisfy the second prong, that Defendant was deliberately indifferent to a serious medical need. Plaintiff alleges that Cervantes "delayed" and "did not follow" doctor's order, but fails to include the factual support for these conclusions.

### 3. First Amendment – Retaliation

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009)). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner;s protected conduct, and that such action (4) chilled the inmate;s exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). "[T]he mere threat of harm can be an adverse action. . . ." *Brodheim*, 584 F.3d at 1270. A plaintiff must plead facts showing that their "protected conduct was the substantial or motivating factor behind the defendant's conduct." *Id.* at 1271. To state a cognizable retaliation claim, Plaintiff must establish a nexus between the retaliatory act and the protected activity. *Grenning v. Klemme*, 34 F.Supp.3d 1144, 1153 (E.D. Wash. 2014).

Plaintiff may be able to state a cognizable claim against Cassie Dominguez, but currently fails to do so. Plaintiff alleges that he filed a 602 to appeal Cervantes' conduct and was interviewed by Cassie Dominguez, who told Plaintiff to stop his 602 administrative claim. But Plaintiff fails to allege any adverse action chilled Plaintiff's First Amendment rights and that did not reasonably advance a legitimate correctional goal. Plaintiff alleges that "Cassie Dominguez attempted and carried out a persuasive act to impede on [Plaintiff]'s right to grieve" his complaint against Cervantes. However, Plaintiff's conclusory allegations is insufficient to state a claim. In any amended complaint, Plaintiff must include sufficient factual allegations to state a retaliation claim that is cognizable on its face.

///

///

### 4. Title 15 and Policy Violation

To the extent that Defendants have not complied with applicable state statutes or prison regulations, these deprivations do not support a claim under § 1983. Section 1983 only provides a cause of action for the deprivation of federally protected rights. *See, e.g.*, *Nible v. Fink*, 828 Fed. Appx. 463 (9th Cir. 2020) (violations of Title 15 of the California Code of Regulations do not create private right of action); *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir. 2009) (section 1983 claims must be premised on violation of federal constitutional right); *Prock v. Warden*, No. 1:13-cv-01572-MJS (PC), 2013 WL 5553349, at *11–12 (E.D. Cal. Oct. 8, 2013) (noting that several district courts have found no implied private right of action under title 15 and stating that "no § 1983 claim arises for [violations of title 15] even if they occurred."); *Parra v. Hernandez*, No. 08cv0191-H (CAB), 2009 WL 3818376, at *3 (S.D. Cal. Nov. 13, 2009) (granting motion to dismiss prisoner's claims brought pursuant to Title 15 of the California Code of Regulations); *Chappell v. Newbarth*, No. 1:06-cv-01378-OWW-WMW (PC), 2009 WL 1211372, at *9 (E.D. Cal. May 1, 2009) (holding that there is no private right of action under Title 15 of the California Code of Regulations).

### 5. Verbal Harassment

To the extent Plaintiff claims a violation of rights for being disrespected, berated, or named called, he fails to state a claim. Allegations of name-calling, verbal abuse, or threats generally fail to state a constitutional claim under the Eighth Amendment, which prohibits cruel and unusual punishment. *See Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996) ("[V]erbal harassment generally does not violate the Eighth Amendment."), opinion amended on denial of reh'g, 135 F.3d 1318 (9th Cir. 1998); *see also Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (holding that a prisoner's allegations of threats allegedly made by guards failed to state a cause of action). Even in cases concerning "abusive language directed at [a plaintiff's] religious and ethnic background, 'verbal harassment or abuse is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983.'" *Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997) (quoting *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987)) (alterations omitted), abrogated on other grounds by *Shakur v. Schriro*, 514 F.3d 878 (9th Cir. 2008). However, verbal

harassment may violate the constitution when it is "unusually gross even for a prison setting and [is] calculated to and [does] cause [plaintiff] psychological damage." *Cox v. Kernan*, 2019 WL 6840136, at *5 (E.D. Cal. Dec. 16, 2019) (alterations in original) (quoting *Keenan*, 83 F.3d 1083 at 1092). In affirming in an unpublished opinion, the Ninth Circuit quoted *Freeman*: "As for being subjected to abusive language directed at [one's] religious and ethnic background, verbal harassment or abuse . . . is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983." *Zavala v. Bartnik*, 348 F. App'x 211, 213 (9th Cir. 2009) (quoting *Freeman*, 125 F.3d at 738).

### 6. State Law Claims

Plaintiff appears to allege several state law claims against Defendants. "California's Government Claims Act requires that a tort claim against a [state] public entity or its employees for money or damages be presented to the California Victim Compensation and Government Claims Board . . . no more than six months after the cause of action accrues." *Lopez v. Cate*, No. 1:10-cv-01773-AWI, 2015 WL 1293450, at *13 (E.D. Cal. 2015) (citing Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950–950.2). "Timely claim presentation is not merely a procedural requirement, but is . . . a condition precedent to plaintiff's maintaining an action against defendant and thus an element of the plaintiff's cause of action." *Id.* (internal quotation marks and citations omitted). The "obligation to comply with the Government Claims Act" is independent of the obligation to exhaust administrative remedies pursuant to the Prison Litigation Reform Act ("PLRA"). *McPherson v. Alamo*, No. 3:15-cv-03145-EMC, 2016 WL 7157634, at *6 (N.D. Cal. 2016) (citing Parthemore v. Col, 221 Cal. App. 4th 1372, 1376 (2013)). Plaintiff appears to raise claims under California state law. However, Plaintiff does not allege that he presented a claim to the California Government Claims Program (the successor to the Victim Compensation and Government Claims Board) within six months of the incidents underlying this action. Thus, Plaintiff's state-law claims, to the extent he raises any, are not cognizable. *Pradia v. Becerra*, No. 1:20-CV-01348 JLT (PC), 2021 WL 1839613, at *4 (E.D. Cal. May 7, 2021); *see Harris v. Escamilla*, 736 F. App'x 618, 621 (9th Cir. 2018) (affirming dismissal of state-law claim because plaintiff did "not allege[ ] that he submitted an administrative claim before bringing . . . lawsuit,

as required by the Government Claims Act") (citation omitted).

**III.     Conclusion and Recommendation**

Based on the above, the Court finds that Plaintiff's first amended complaint states a cognizable claim against Defendant G. Cervantes for excessive force in violation of the Eighth Amendment. However, Plaintiff's complaint fails to state any other cognizable claims for relief against any other defendants.

Accordingly, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's first amended complaint, filed June 22, 2022, (ECF No. 15), against Defendant Cervantes for excessive force in violation of the Eighth Amendment; and

2. All other claims and defendants be dismissed based on Plaintiff's failure to state claims upon which relief may be granted.

\* \* \*

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 22, 2022**             /s/ *Barbara A. McAuliffe*
                                                          UNITED STATES MAGISTRATE JUDGE