# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY PEREZ,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CERVANTES,<br><br>　　　　　Defendant. | Case No. 1:22-cv-00390-ADA-BAM (PC)<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL<br><br>(ECF No. 37) |

　　　　Plaintiff Randy Perez ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint against Defendant Cervantes for excessive force in violation of the Eighth Amendment.

　　　　Currently before the Court is Plaintiff's motion for appointment of counsel, filed April 27, 2023. (ECF No. 37.) Plaintiff requests appointment of counsel to aid him in obtaining correct documents involved in ascertaining proper discovery. Plaintiff argues that this case complex issues involving dental hygienist's procedures, policies, and language unfamiliar to Plaintiff, who is incarcerated and litigating *pro se*. Plaintiff's position hinders him from resources and/or experts to act as witnesses on his behalf. Plaintiff further contends that the case will need an outside entity to accumulate testimonials, physical evidence, a professional to view and professionally describe dental x-rays, and Plaintiff will need to contact a directory to ascertain a list of professional witnesses. (*Id.*)

Defendant has not yet had the opportunity to file a response, but the Court finds a response unnecessary. The motion is deemed submitted. Local Rule 230(l).

Plaintiff is informed that the filing fee has been paid, and Plaintiff is not proceeding *in forma pauperis* in this action. (ECF No. 14.) The Court is not aware of any authority that would allow the appointment of counsel for a litigant in a civil action who is not proceeding *in forma pauperis*.

Even if Plaintiff were proceeding *in forma pauperis* in this action, Plaintiff is informed that he does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

The Court has considered Plaintiff's request, but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases filed almost daily by prisoners who are proceeding *pro se* who must obtain discovery, research complex legal issues, and gather witnesses. These plaintiffs also must litigate their cases without the assistance of counsel.

In addition, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. Plaintiff is able to prepare and file documents clearly setting forth his contentions, without assistance from counsel. Furthermore, although the Court screened the first amended complaint and found that it stated a cognizable claim that is

proceeding in this action, this does not necessarily indicate a likelihood of success on the merits.

Accordingly, Plaintiff's motion to appoint counsel, (ECF No. 37), is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **May 1, 2023**            /s/ Barbara A. McAuliffe            _
                                    UNITED STATES MAGISTRATE JUDGE