# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY PEREZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CERVANTES,<br><br>　　　　Defendant. | Case No. 1:22-cv-00390-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION REQUESTING DOCUMENTS<br><br>(ECF No. 43)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL<br><br>(ECF No. 44) |

Plaintiff Randy Perez ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendant Cervantes for excessive force in violation of the Eighth Amendment. All parties have consented to Magistrate Judge jurisdiction. (ECF No. 40.)

Pursuant to the Court's March 20, 2023 discovery and scheduling order, the deadline for completion of all discovery, including filing all motions to compel discovery, was November 20, 2023. (ECF No. 34.)

Currently before the Court are Plaintiff's motions requesting documents and appointment of counsel, both filed April 4, 2024. (ECF Nos. 43, 44.) Defendant has not yet had an opportunity to respond, but the Court finds a response unnecessary. The motions are deemed submitted. Local Rule 230(l).

1

**I.  Motion Requesting Documents**

In his motion requesting documents, Plaintiff requests that the Court subpoena documents relevant to this case, specifically an investigative report written by Cassie Dominguez detailing the incident leading to this case. (ECF No. 43.) Plaintiff states that all his attempts to obtain this report and other relevant documents have so far been unsuccessful. Plaintiff believes this is being done purposely to prevent him from gaining relief, and that this is in violation of his due process rights. (*Id.*)

As discovery closed in this action on November 20, 2023, the Court construes Plaintiff's request as a motion to modify the discovery and scheduling order to reopen discovery, as well as a motion for a third party subpoena.

**A.  Legal Standards**

Districts courts must enter scheduling orders in actions to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3). A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

The "good cause" standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of that order. *Id.* The prejudice to other parties, if any, may be considered, but the focus is on the moving party's reason for seeking the modification. *Id.* If the party seeking to amend the scheduling order fails to show due diligence, the inquiry should end and the court should not grant the motion to modify. *Zivkovic v. So. Cal. Edison, Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (citing *Johnson*, 975 F.2d at 609). "Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609.

Subject to certain requirements, Plaintiff is entitled to the issuance of a subpoena commanding the production of documents from a non-party, Fed. R. Civ. P. 45, and to service of the subpoena by the United States Marshal, 28 U.S.C. § 1915(d). However, the Court will

2

consider granting such a request only if the documents sought from the non-party are not equally available to Plaintiff and are not obtainable from Defendant through a request for the production of documents. Fed. R. Civ. P. 34. A request for the issuance of a records subpoena requires Plaintiff to: (1) identify with specificity the documents sought and from whom, and (2) make a showing that the records are only obtainable through that third party. Plaintiff was further informed that if Plaintiff wished to request third-party subpoenas, he should file a motion that: (1) sets forth the specific documents requested and from whom; (2) demonstrates that the documents are only obtainable through the third party; and (3) establish the relevance of the requested documents to any claim or defense.

### B. Discussion

Plaintiff has failed to present good cause for the request to reopen discovery. Though Plaintiff states that his prior efforts to obtain the investigative report and other relevant documents have been unsuccessful, Plaintiff does not state what efforts he has made to obtain the relevant discovery. Plaintiff does not state whether he has attempted to obtain documents by requesting them from his central file, by serving written discovery requests on Defendant, or by any other means. Plaintiff also does not explain why he did not file a request regarding this document before the deadline for completion of all discovery. As Plaintiff has not demonstrated diligence in obtaining discovery up to this point, the request to modify the discovery and scheduling order to reopen discovery is denied.

Further, Plaintiff's request for a subpoena does not meet the requirements of Federal Rule of Civil Procedure 45. Although Plaintiff has identified the specific document sought, Plaintiff does not state to whom the subpoena should be directed. As Plaintiff has not provided any description of his previous efforts to obtain this investigative report, Plaintiff also has not shown that the document is only obtainable through a third party. The request for a subpoena is therefore denied.

## II. Motion to Appoint Counsel

Plaintiff requests appointment of counsel due to his lack of knowledge regarding the law or legal matters. (ECF No. 44.) Plaintiff believes he and the Court will benefit from the

1  assistance of counsel, that his claim is non-frivolous and the factual and legal matters involved in
2  this case are complex.  Plaintiff has not been successful in obtaining the investigative report from
3  Cassie Dominguez.  Plaintiff is indigent and cannot afford counsel to represent him.  (*Id.*)

4  Plaintiff is informed that he does not have a constitutional right to appointed counsel in
5  this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other*
6  *grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to
7  represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  *Mallard v. U.S. Dist. Court for the S. Dist.*
8  *of Iowa*, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may
9  request the voluntary assistance of counsel pursuant to section 1915(e)(1).  *Rand*, 113 F.3d at
10 1525.

11 Without a reasonable method of securing and compensating counsel, the Court will seek
12 volunteer counsel only in the most serious and exceptional cases.  In determining whether
13 "exceptional circumstances exist, a district court must evaluate both the likelihood of success on
14 the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the
15 complexity of the legal issues involved."  *Id.* (internal quotation marks and citations omitted).

16 The Court has considered Plaintiff's request, but does not find the required exceptional
17 circumstances.  Even if it is assumed that Plaintiff has made serious allegations which, if proved,
18 would entitle him to relief, his case is not exceptional.  This Court is faced with similar cases filed
19 almost daily by prisoners who must litigate their cases and obtain discovery without the
20 assistance of counsel.

21 Furthermore, at this stage in the proceedings, the Court cannot make a determination that
22 Plaintiff is likely to succeed on the merits.  Although Plaintiff's complaint was found to state a
23 cognizable claim, this does not mean there is a likelihood of success on the merits.  Finally, based
24 on a review of the record in this case, the Court does not find that Plaintiff cannot adequately
25 articulate his claim.

26 ///
27 ///
28 ///

4

### III. Order

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion requesting documents, (ECF No. 43), is DENIED; and
2. Plaintiff's motion to appoint counsel, (ECF No. 44), is DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **April 8, 2024**                              /s/ *Barbara A. McAuliffe*
                                                    UNITED STATES MAGISTRATE JUDGE