# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY PEREZ,<br><br>              Plaintiff,<br><br>       v.<br><br>CERVANTES,<br><br>              Defendant. | Case No. 1:22-cv-00390-BAM (PC)<br><br>ORDER RESETTING DEADLINE FOR DEFENDANT TO FILE REPLY TO MOTION FOR SUMMARY JUDGMENT<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Randy Perez ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendant Cervantes for excessive force in violation of the Eighth Amendment. All parties have consented to United States Magistrate Judge jurisdiction. (ECF No. 40.)

On April 26, 2024, Defendant filed a motion for summary judgment on the grounds that: (1) Plaintiff cannot establish that Defendant violated his Eighth Amendment rights by subjecting him to excessive force; and (2) Plaintiff cannot establish that Defendant violated any clearly established law, thus entitling her to qualified immunity. (ECF No. 46.)

On May 6, 2024, Plaintiff filed a motion that the scheduling order be modified due to his repeated and unsuccessful requests for a specific document—an investigative report written by Cassie Dominguez—from CDCR and defense counsel. (ECF No. 47.) Plaintiff filed an opposition to the motion for summary judgment on May 15, 2024, in which he again indicated that he needed to review the investigative report but had been unable to do so. (ECF No. 48.)

///

1

On May 16, 2024, Defendant filed a response indicating that despite making prior arrangements, defense counsel realized Plaintiff likely had not had the opportunity to review the Dominguez investigative report at issue. (ECF No. 49.) As a courtesy, defense counsel arranged for Plaintiff to review the report at his current institution, but not until May 20 or 21, 2024. (*Id.*) On May 21, 2024, Defendant filed a notice indicating that Plaintiff had reviewed the documents on May 20, 2024, and Defendant has no objection to setting a deadline for Plaintiff to file a further opposition to the motion for summary judgment on or before June 3, 2024. (ECF No. 50.)

In light of the parties' filings, the Court granted Plaintiff's request to modify the scheduling order and granted Plaintiff a thirty-day extension of time to file a supplemental opposition to the motion for summary judgment. (ECF No. 51.) The Court further directed that Defendant's reply brief, if any, should be filed within fourteen days from the date of filing of Plaintiff's supplemental opposition. (*Id.*) Plaintiff has not filed a supplemental opposition, and the July 1, 2024 deadline for him to do so has expired.

Accordingly, the Court finds it appropriate to reset the deadline for Defendant to file any reply in support of the motion for summary judgment. With the filing of any reply brief from Defendant, or the expiration of the reply deadline, the motion for summary judgment will be deemed submitted. Local Rule 230(l).

Accordingly, it is HEREBY ORDERED that Defendant's reply in support of the April 26, 2024 motion for summary judgment, if any, shall be filed within **fourteen (14) days** from the date of service of this order.

IT IS SO ORDERED.

Dated:   **July 16, 2024**            /s/ *Barbara A. McAuliffe*
                                      UNITED STATES MAGISTRATE JUDGE