# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY PEREZ,<br><br>        Plaintiff,<br><br>   v.<br><br>CERVANTES,<br><br>        Defendant. | Case No.  1:22-cv-00390-FRS (BAM) (PC)<br><br>ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN MAGISTRATE JUDGE TO ACTION AND CLOSE CASE |

## I.    **Background**

Plaintiff Randy Perez ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds against Defendant Cervantes for excessive force in violation of the Eighth Amendment.  All parties have consented to United States Magistrate Judge jurisdiction.  (ECF No. 40.)

Defendant's motion for summary judgment is fully briefed and pending before the Court. (ECF Nos. 46, 48, 54, 55.)

On January 6, 2026, the Court issued a Notice of Temporary Magistrate Judge Assignment.  (ECF No. 56.)  That order was served on Plaintiff at his current address of record. On January 29, 2026, the order was returned as "Undeliverable, Return to Sender, Paroled."

///

The deadline for Plaintiff to file a notice of change of address has expired, and Plaintiff has not otherwise communicated with the Court.

## II.    Failure to Prosecute

Plaintiff is required to keep the Court apprised of his current address at all times.  Local Rule 183(b) provides:

> **Address Changes.**  A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address.  If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within thirty (30) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

Federal Rule of Civil Procedure 41(b) also provides for dismissal of an action for failure to prosecute.[1]

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779

---

[1] Courts may dismiss actions sua sponte under Rule 41(b) based on the plaintiff's failure to prosecute.  *Hells Canyon Pres. Council v. U. S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (citation omitted).

2

F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

Plaintiff's address change was due no later than March 2, 2026, and Plaintiff has failed to otherwise communicate with the Court. The Court cannot effectively manage its docket if Plaintiff ceases litigating his case.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Additionally, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Although Plaintiff is not proceeding in forma pauperis in this action, it appears monetary sanctions would be of little use, and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case and updating his address. More importantly, given the Court's apparent inability to communicate with Plaintiff, there are no other reasonable alternatives available to address Plaintiff's failure to prosecute this action and his failure to apprise the Court of his current address. *In re PPA*, 460 F.3d at 1228–29; *Carey*, 856 F.2d at 1441.

**III.    Order**

Accordingly, the Court finds that dismissal is the appropriate sanction and IT IS HEREBY ORDERED as follows:

1. This action is DISMISSED, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 183(b), for Plaintiff's failure to prosecute; and

///

///

3

2. The Clerk of the Court is directed to terminate all pending motions and deadlines, assign a Magistrate Judge for the purpose of closing this case, and to close this case.

IT IS SO ORDERED.

Dated:  **March 12, 2026**                    /s/ *Barbara A. McAuliffe*

UNITED STATES MAGISTRATE JUDGE

4